UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROLANDO ROBLES,
    *Petitioner*,

v.

W. FANEUFF, *et al.*,
    *Respondents*.

No. 3:16-cv-1208 (JAM)

## RULING DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Rolando Robles has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2007 convictions for kidnapping, attempted kidnapping, and sexual assault. For the reasons set forth below, I will dismiss the petition on the ground that he has not fully exhausted available state remedies.

### BACKGROUND

On August 29, 2007, Robles pleaded guilty in state court under the *Alford* doctrine to one count of kidnapping in the first degree in violation of Connecticut General Statutes § 53a-92(a)(2)(A); one count of sexual assault in the fourth degree in violation of Connecticut General Statutes § 53a-73a(a)(2); and one count of attempt to commit kidnapping in the first degree in violation of Connecticut General Statutes §§ 53a-92(a)(2)(A) and 53a-49. *See* Doc. #11 at 13–47. On October 17, 2007, the trial court judge sentenced Robles to fifteen years of imprisonment, execution suspended after time served, followed by twenty years of probation. *See id.* at 48–78. Robles did not challenge his convictions on direct appeal. *See* Doc. #1 at 3. Robles did, however, eventually file several post-conviction motions for relief.

On July 22, 2011, Robles filed a motion to correct an illegal sentence in state court. The motion was denied on November 10, 2011. *See State v. Robles*, 169 Conn. App. 127, 2016 WL

6081826 (2016) (reviewing history of filings). It does not appear that Robles appealed the denial of this first motion to correct.

On January 11, 2012, Robles filed a habeas corpus petition in state court. *See Robles v. Warden, State Prison*, TSR-CV12-4004528-S (Conn. Super. Ct. 2012).[1] He argued that his convictions were obtained in violation of his right to due process, because he was convicted of kidnapping based on conduct that the Connecticut Supreme Court later determined did not constitute kidnapping. *See State v. Salamon*, 287 Conn. 509, 546–48 (2008) (holding that a defendant cannot be convicted of kidnapping, in conjunction with another crime, if the confinement or movement is merely incidental to the commission of the other crime). He also raised a claim of ineffective assistance of counsel. Following an evidentiary hearing, the habeas court dismissed his petition on December 16, 2014, concluding that his convictions were not invalid under *Salamon* and that his trial counsel had not rendered constitutionally ineffective assistance of counsel. *See Robles v. Warden, State Prison*, 2014 WL 7647800 (Conn. Super. Ct. 2014).

On February 9, 2015, Robles appealed the denial of his state habeas petition to the Connecticut Appellate Court. *See Robles v. Comm'r of Corr.*, AC 37686 (Conn. App. Ct. 2015).[2] But instead of pursuing the same claims that he had pressed before the state habeas trial court, Robles argued instead that his *Alford* pleas were not made knowingly, intelligently, and voluntarily. On December 20, 2016, the Appellate Court ruled that it could not review Robles' appeal, because the claim he raised in his appeal was not distinctly raised in the habeas trial court. *See Robles v. Comm'r of Corr.*, 169 Conn. App. 751, 2016 WL 7211161 (2016). On December 27, 2016, Robles filed a motion for reconsideration *en banc* of the Appellate Court's decision, which is pending.

---

[1] The court docket for this state habeas petition may be found at www.jud.ct.gov, under Civil/Family/Housing Case Look-up, Docket Number Search, TSR-CV-12-4004528-S (last visited Dec. 22, 2016).

[2] The court docket for the appeal of the denial of the state habeas petition may be found at www.jud.ct.gov,

In the meantime, apart from his effort to seek habeas corpus relief, Robles also pursued a renewed motion to correct an illegal sentence. On September 3, 2014, while his habeas petition was pending at the state trial court, Robles filed a second motion to vacate or correct an illegal sentence or, in the alternative, for a writ of error *coram nobis*. *See State v. Robles*, 169 Conn. App. 127, 2016 WL 6081826, at *2. He argued that the *Salamon* decision rendered his sentence unconstitutional. On March 19, 2015, the trial court dismissed Robles's motion to correct an illegal sentence, holding that because Robles was essentially challenging the validity of his conviction, the court lacked subject matter jurisdiction over the motion, because the motion sought to challenge his convictions rather than his sentence. *See id*. The court also dismissed the petition for a writ of error *coram nobis*, due to the untimely filing of the petition. *See id*.

On April 30, 2015, Robles appealed the dismissal of his motion to correct an illegal sentence to the Connecticut Appellate Court. *See State v. Robles*, AC 37881 (Conn. App. Ct. 2015).[3] On October 25, 2016, the Appellate Court affirmed the judgment, ruling in relevant part that "a motion to correct an illegal sentence is not the proper procedural path for the defendant in this case to contest the validity of his guilty pleas following the change to our kidnapping laws." *See State v. Robles*, 169 Conn. App. 127, 2016 WL 6081826, at *4. On November 23, 2016, Robles filed a petition for certification in the Connecticut Supreme Court, on which the Connecticut Supreme Court has not yet acted.

On July 18, 2016, Robles filed the instant petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. His petition seeks relief under *Salamon* and objects to what he claims is the state courts' refusal to consider his claim. Doc. #1 at 9–15.

---

under Supreme and Appellate Court Case Look-up, By Docket Number, AC 37686 (last visited Dec. 22, 2016).
[3] The court docket for the appeal of the denial of the motion to correct or for a writ of error *coram nobis* may be found at www.jud.ct.gov, under Supreme and Appellate Court Case Look-up, By Docket Number, AC 37881 (last visited

**DISCUSSION**

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.*, § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "This requires that the prisoner fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.).

A failure to exhaust may be excused if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). A petitioner, however, may not simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez*, 394 F.3d at 73–74.

Robles raises four grounds for relief in his federal habeas petition. The first two grounds relate to his argument that his convictions are invalid pursuant to the Connecticut Supreme Court's decision in *State v. Salamon*. In ground three, Robles contends that he has been denied his right to access state court to challenge his convictions and sentence. In ground four, Robles alleges violations

---

Dec. 22, 2016).

4

of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution.

In his petition, Robles explicitly concedes that he did not raise any of these four claims in state court proceedings. *See* Doc. #1 at 10, 12, 14, 16 (answering "no" to the question "Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?" for each of the four grounds). And even if some of these claims are the same as or do overlap with the claims he raised in his state court post-conviction proceedings, it is indisputable that he has not exhausted review of any of these claims on their merits all the way up through the Connecticut Supreme Court.

Although Robles complains that the state courts have refused to consider his claims, I am not persuaded. He filed a state habeas corpus petition raising his challenge under *Salamon* but then, after losing on the merits at the trial court level, he opted to pursue a different legal claim on appeal. Similarly, he sought to pursue his *Salamon* claim by means of a motion to correct his sentence, despite the fact that his claim was in reality a challenge to the legality of his conviction. He has yet to exhaust his *Salamon* claim in any form in the Connecticut Supreme Court. In short, the Connecticut state courts have not unjustifiably refused to entertain Robles' claims, and Robles himself bears responsibility for his failure to properly present and fully exhaust the merits of the claims for which he now seeks relief.

## CONCLUSION

The petition for habeas corpus (Doc. #1) is DISMISSED without prejudice for failure to exhaust state court remedies. If Robles properly exhausts his claims and wishes to re-file a petition for federal habeas corpus relief, he should be prepared to show that his petition has been timely filed within one year of his state court convictions' becoming final (28 U.S.C. § 2244(d)(1)) and, if not,

why the statute of limitations should be equitably tolled in his favor. *See Walker v. Connecticut Superior Court*, 2015 WL 3970886, at *3 (D. Conn. 2015). The motion to appoint counsel (Doc. #3) is DENIED as moot. Because Robles has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

It is so ordered.

Dated at New Haven, Connecticut this 27th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge