UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROLANDO ROBLES,
    *Petitioner*,

v.                                                                                                                                                   No. 3:16-cv-01208 (JAM)

W. FANEUFF, *et al.*,
    *Respondents*.

## ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Rolando Robles has filed a motion for reconsideration in response to the Court's prior entry of an order dismissing his petition for writ of habeas corpus for failure to fully exhaust his remedies in the state courts of Connecticut. As explained below, I find that Robles has not shown that his petition was timely filed within one year of his state court convictions' becoming final, nor has he demonstrated that he is entitled to equitable tolling of the one-year statute of limitations. Accordingly, I will deny his motion for reconsideration.

### BACKGROUND

On July 18, 2016, petitioner Rolando Robles filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Doc. #1. On December 27, 2016, the Court entered an order dismissing his habeas petition for failure to fully exhaust his remedies in the state courts of Connecticut. *See* Doc. #12. In dismissing his petition, the Court stated that "[i]f Robles properly exhausts his claims and wishes to re-file a petition for federal habeas corpus relief, he should be prepared to show that his petition has been timely filed within one year of his state court convictions' becoming final (28 U.S.C. § 2244(d)(1)) and, if not, why the statute of limitations should be equitably tolled in his favor." *Ibid.* On March 20, 2017, Robles filed a motion for reconsideration in response to the Court's prior order. *See* Doc. #14.

1

## DISCUSSION

*Statute of Limitations*

A state court conviction becomes "final" at the conclusion of any direct appeal of a conviction—specifically, on the date when the highest court to which petitioner has sought review has denied relief or, if he has not sought such review, the date when the time for seeking such review has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). The one-year time limit for seeking federal habeas corpus relief is subject to tolling for certain reasons. First, the time limit may be tolled for any period of time that a petitioner has maintained collateral or other non-direct-appeal challenges to his conviction in the state courts (for example, by means of filing a state court habeas corpus petition). See 28 U.S.C. § 2244(d)(2); *see also Lawrence v. Florida*, 549 U.S. 327 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 547–49 (2d Cir. 2009). The time limit may also be subject to tolling if there are truly extraordinary equitable circumstances that prevented a petitioner from filing a petition on time. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631 (2010); *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011) (*per curiam*).

As noted in my prior ruling, nearly four years elapsed between the time that Robles's state court convictions became final and when he first filed a post-conviction motion for relief in Connecticut state court. Doc. #12 at 1. During that time period, there was no appeal or other motion pending. Therefore, it is clear that Robles far exceeded the one-year time limit for filing of a federal habeas corpus petition, and the Court may only consider his petition if he has grounds for equitable tolling of the statute of limitations.

The doctrine of equitable tolling allows a court to excuse a party's failure to timely comply with a legally required filing deadline. Although the "equitable" moniker might suggest

that a court has unfettered discretion to decide if a default should be overlooked, it is well established that the invocation of equitable tolling is subject to at least two basic pre-conditions. First, a party must show that extraordinary circumstances stood in his way to prevent timely filing. Second, the defaulting party must show that—notwithstanding the obstacle posed by extraordinary circumstances—he pursued his rights with reasonable diligence throughout the time period that he seeks to have tolled. *See Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016); *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015).

Robles offers several arguments for equitable tolling. He first argues that he was unaware of the one-year statute of limitations, and that until 2011, he was unaware of the change in the law via the Connecticut Supreme Court case *State v. Salamon*, 287 Conn. 509 (2008). A petitioner's unawareness of the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition. *See Barrett v. United States*, 961 F. Supp. 2d 403, 408 (D. Conn. 2013) ("Ignorance of the law and lack of education are not sufficient grounds to warrant equitable tolling").

Robles also argues that his lawyers failed to inform him about the statute of limitations and the change in the law, and that their incompetence warrants equitable tolling. Attorney error typically does not constitute extraordinary circumstances for purposes of equitable tolling, except in cases where "an attorney's behavior [is] so outrageous or so incompetent as to render it extraordinary." *See, e.g.*, *Dillon v. Conway*, 642 F.3d 358, 363–64 (2d Cir. 2011) (finding extraordinary circumstances where attorney affirmatively misled petitioner by promising that he would file the petition before the "last day to file"); *Baldayaque v. United States*, 338 F.3d 145, 150–53 (2d Cir. 2003) (finding extraordinary circumstances where attorney failed to file habeas

petition, despite explicit directions to do so); *Holland*, 560 U.S. at 652 (suggesting that "extraordinary circumstances" may be present when attorney failed to file a timely habeas petition despite petitioner's many letters instructing him to do so, did not inform petitioner that the state's highest court had decided his case, and ignored petitioner's letters for a period of years). The alleged conduct by Robles's lawyers does not meet this high bar for demonstrating extraordinary circumstances warranting equitable tolling.[1]

Next, Robles contends that he is entitled to equitable tolling because he "is indigent, and in 2008 had no job to pay for an attorney." Doc. #14 at 3. But Connecticut law requires the Office of the Public Defender to represent indigent prisoners in state habeas corpus proceedings. Conn. Gen. Stat. § 51-296(a). Thus, Robles's indigency does not explain the years-long delay in challenging his conviction in state court, nor does it constitute an extraordinary circumstance for equitable tolling purposes. *See Horton v. McCoy*, 2012 WL 34071, at *5 (W.D.N.Y. 2012) ("circumstances such as indigency . . . are not sufficiently 'extraordinary' to merit equitable tolling").

Finally, Robles argues that he is entitled to equitable tolling due to his mental illness. The Second Circuit has held that a petitioner's mental illness can justify equitable tolling of the statute of limitations for federal habeas claims. *See Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010). However, "mental illness does not toll a filing deadline *per se*; determining whether equitable tolling is warranted in a given situation is a highly case-specific inquiry." *Id.* at 232 (internal quotation marks omitted). In order to be entitled to equitable tolling, "a habeas petitioner must demonstrate that [his] particular disability constituted an 'extraordinary

---

[1] Robles further claims that his lawyers "verbally abused, bullied, and coerced [him] into pleading out and waiving [his] rights, when [he] wanted to go to trial." Doc. #19 at 1. While this allegation may provide an explanation for why he pled guilty instead of proceeding to trial, it does not explain or relate to his delay in pursuing his rights following his conviction.

4

circumstance' severely impairing [his] ability to comply with the filing deadline, despite [his] diligent efforts to do so." *Ibid.* The burden is on the petitioner to provide a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Ibid.*

Robles has not met his burden of demonstrating that equitable tolling is warranted on the basis of his mental illness. He contends in his motion and a subsequent letter to the Court (Doc. #19) that he has suffered from mental health issues, including depression, attention deficit disorder, and a learning disability. He also argues that he was "incompetent" between 2005 and 2010. Petitioner has not provided objective evidence (*e.g.*, medical records) to substantiate his claims of mental illness during the relevant time period, nor has he provided any kind of particularized description as to how his condition was causally connected to his failure to comply with the filing deadline. *See, e.g.*, *Outman v. Superintendent, Five Points Corr. Facility*, 2017 WL 318852, at *5 (N.D.N.Y. 2017) (no equitable tolling due to mental illness where petitioner did not attach any medical records; "[e]vidence of mental illness during the AEDPA's one-year filing period is critical to a viable equitable tolling argument"); *Barrett*, 961 F. Supp. 2d at 408 (no equitable tolling where petitioner "failed to provide any objective evidence or explanation regarding how his mental condition was causally connected to his failure to timely file the petition"); *King v. Lee*, 2012 WL 1038562, at *5 (W.D.N.Y. 2012) (no equitable tolling despite petitioner's documented schizophrenia, where petitioner has not "borne his burden of providing particulars concerning how his condition adversely affected his ability to function in general or, specifically, to pursue his legal rights during the time for which he seeks tolling").

In addition, Robles' claim that his mental illness impeded him from filing a timely petition is not supported by the transcript of his prior testimony that he has filed on the docket in

this case. *See* Doc. #18. As that transcript indicates, Robles was subject to questioning during one of his state court hearings on June 30, 2014, about why he had waited so long between 2007 and 2011 to seek relief in the state courts:

> Q. . . . Um, you didn't file this petition until November of 2011. Why that length of time?
> A. I was coming in and of technical violations and I wasn't aware of the change in the law. It wasn't until I was in my last – my last – till I – when I got arrested in, um, oh – oh – 2011 where somebody told me, Hey, you know, they changed the kidnapping law and I was – you know, I was angry because, you know, hey, I'm getting resentenced and when I go before the Court, everybody's staying silent. Nobody wants to read the factual basis. Nobody does – does anything. They just – you know? . . .

Doc. #18 at 112. It is significant that Robles did not suggest that he had been mentally ill or that he had been unable by reason of that illness to have timely sought relief.

In sum, Robles has not adequately demonstrated any extraordinary circumstances warranting equitable tolling of the one-year statute of limitations. His petition for a writ of habeas corpus is therefore time-barred.

*Exhaustion*

Apart from the issue of the statute of limitations, it is not clear that Robles has properly exhausted his claims in the state courts. With certain exceptions, a prerequisite to relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.*, § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Robles contends that he has now exhausted his claims, or alternatively, that the Court should waive the exhaustion requirement based on the futility exception. *See* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii) (exhaustion is futile if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant.").

6

Unlike at the time of my prior ruling, it appears that Robles no longer has any claims pending in the state courts.[2] In addition, Robles no longer concedes lack of exhaustion.[3] Nevertheless, there remains a question as to whether the claims raised in his federal habeas petition were properly presented and exhausted in the state courts.

In his state court habeas petition, Robles raised a due process claim related to *State v. Salamon*, and a claim of ineffective assistance of counsel. But after losing on the merits at the trial court level, he pursued a different legal claim on appeal, arguing that his *Alford* pleas were not made knowingly, intelligently, and voluntarily. The Appellate Court ruled that it could not review this appeal because the claim raised in the appeal had not been distinctly raised in the habeas trial court. Robles separately pursued the *Salamon* claim by means of a motion to correct an illegal sentence, but the trial court found (and the Appellate Court confirmed) that it lacked subject matter jurisdiction over the motion, because the motion sought to challenge Robles's convictions rather than his sentence. *See State v. Robles*, 169 Conn. App. 127, 2016 WL 6081826, at *4 (2016). This procedural history suggests that the claims that Robles now raises in federal court were never considered on their merits by the state appellate courts. But because I find that Robles's federal petition is untimely and that he is not entitled to equitable tolling, I

---

[2] At the time of my prior ruling, Robles had a motion for reconsideration *en banc* pending in the Connecticut Appellate Court, in connection with his appeal of the denial of his state habeas petition. The Appellate Court denied his motion for reconsideration on January 11, 2017, and the Connecticut Supreme Court subsequently denied his petition for certification. *See* www.jud.ct.gov, Supreme and Appellate Court Case Look-up, by Docket Number, AC 37686. Robles also had a separate petition for certification pending in the Connecticut Supreme Court at the time of this Court's prior ruling, in connection with his appeal of the denial of his motion to correct an illegal sentence. The Connecticut Supreme Court denied that petition for certification on January 4, 2017. *See id.*, AC 37881.

[3] In my prior ruling, I indicated that "Robles explicitly concedes that he did not raise any of [the four claims raised in his federal habeas petition] in state court proceedings," given that in the petition itself he answered "no" to the question, "Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?" Doc. #12 at 5. Robles now clarifies that he "checked the wrong thing on the form." Doc. #14 at 2.

7

need not resolve the question of exhaustion here, nor do I need to address whether the futility exception to the exhaustion requirement applies.

## CONCLUSION

For the reasons explained above, petitioner's motion for reconsideration (Doc. #14) is DENIED. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. #15) and motion to appoint counsel (Doc. #16) are accordingly DENIED as moot.

If Robles believes he can offer objective evidence of his mental illness during the periods of time he seeks to have tolled, as well as put forth a particularized showing of how his condition was causally connected to his failure to timely file, he may submit another motion for reconsideration containing such evidence by August 14, 2017. Any such motion must also address the question of whether the claims raised in the federal habeas petition were fully exhausted in the state courts, in light of the concerns raised above, or explain why the futility exception applies.

It is so ordered.

Dated at New Haven this 14th day of June 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge